UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MARSHAL JENKINS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SIGNIFY HEALTH, INC.<br><br>Defendant. | Civil Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**Nature of this Action**

1. Marshal Jenkins ("Plaintiff") brings this class action against Signify Health, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, upon information and good faith belief, Defendant routinely uses

1

an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

7. For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

## Parties

8. Plaintiff is a natural person.

9. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a corporation located in this District.

11. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## Factual Allegations

12. Plaintiff is, and has been for more than a year, the regular user to her cellular telephone number—239-237-XXXX.

13. In November of 2024, Defendant began placing calls to telephone number 239-237-XXXX, intending to reach someone other than, and unknown to, Plaintiff.

14. Plaintiff received at least 2 such calls.

15. Defendant used an artificial or prerecorded voice in connection with at least some of the calls it placed to telephone number 239-237-XXXX.

16. For example, on or about November 22, 2024, Defendant placed a call to telephone number 239-237-XXXX and delivered the following artificial or prerecorded voice message:

> Hello, my name is Susan. I'm calling on behalf of Aetna, your Medicare insurance provider. I was hoping to speak with you about a valuable service that's part of your membership. If you could please call (855) 215-1831 we're available from 7:00 AM to 7:00 pm…

17. On other occasions, including December 2, 2024, Plaintiff received similar artificial or prerecorded messages.

18. The subject prerecorded voice messages are generic—*i.e.*, the messages sound robotic and contain no pauses or breaks in speech as is common in a normal live speech pattern.

19. Given the generic nature of the messages and the content of the messages, the messages Defendant delivered to telephone number 239-237-XXXX were prerecorded in nature.

20. Plaintiff listened to each of the artificial or prerecorded voicemail messages that Defendant delivered to his cellular telephone.

21. Defendant's records will identify each call it placed to telephone number 239-237-XXXX.

22. Defendant's records will identify each artificial or prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone number 239-237-XXXX.

23. Plaintiff is not, nor was, a customer of Defendant, nor does Plaintiff have an account with Defendant.

24. The Plaintiff does not have Aetna.

25. Plaintiff did not provide telephone number 239-237-XXXX to Defendant.

26. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number 239-237-XXXX.

27. Defendant placed the subject calls to telephone number telephone number 239-237-XXXX voluntarily.

28. Defendant placed the subject calls to telephone number 239-237-XXXX under its own free will.

29. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number telephone number 239-237-XXXX

30. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice message, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

31. Plaintiff found the artificial or prerecorded voice message and Defendant's calls to be irritating and invasive.

32. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

33. Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of of the following class:

> *Class*: All persons throughout the United States (1) to whom Signify Health, Inc. placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to an Signify Health, Inc. customer or accountholder, (3) in connection with which Signify Health, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

34. Excluded from the class and subclass are Defendant, Defendant's officers and

directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

35. Upon information and belief, the members of the class and subclass are so numerous that joinder of all of them is impracticable.

36. The exact number of the members of the class and subclass are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

37. The members of the class and subclass are ascertainable because they are defined by reference to objective criteria.

38. In addition, the members of the class and subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

39. Plaintiff's claims are typical of the claims of the members of the class and subclass.

40. As it did for all members of the class and subclass, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

41. Plaintiff's claims, and the claims of the members of the class and subclass, originate from the same conduct, practice, and procedure on the part of Defendant.

42. Plaintiff's claims are based on the same theories as the claims of the members of the class and subclass.

43. Plaintiff suffered the same injuries as the members of the class and subclass.

44. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass.

45. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the

interests of the members of the class and subclass.

46. Plaintiff will vigorously pursue the claims of the members of the class and subclass.

47. Plaintiff has retained counsel experienced and competent in class action litigation.

48. Plaintiff's counsel will vigorously pursue this matter.

49. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class and subclass.

50. The questions of law and fact common to the members of the class and subclass predominate over questions that may affect individual members of the class and subclass.

51. Issues of law and fact common to all members of the class and subclass are:

   a. Defendant's violations of the TCPA;

   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

   d. Defendant's use of an artificial or prerecorded voice; and

   e. The availability of statutory penalties.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

53. If brought and prosecuted individually, the claims of the members of the class and subclass would require proof of the same material and substantive facts.

54. The pursuit of separate actions by individual members of the class and subclass would, as a practical matter, be dispositive of the interests of other members of the class and subclass, and could substantially impair or impede their ability to protect their interests.

55. The pursuit of separate actions by individual members of the class and subclass could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

56. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class and subclass.

57. The damages suffered by individual members of the class and subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class and subclass to redress the wrongs done to them.

58. The pursuit of Plaintiff's claims, and the claims of the members of the class and subclass, in one forum will achieve efficiency and promote judicial economy.

59. There will be little difficulty in the management of this action as a class action.

60. Defendant has acted or refused to act on grounds generally applicable to the members of the class and subclass, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

61. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

62. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

63. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed

to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

64. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class and subclass damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

    i) Awarding Plaintiff and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

    j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: February 20, 2025

*/s/ Anthony Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*